No. 354

CASE v. THOMAS, et

Ohio Appeals, 6th Dist., Lucas Co.

No. 1863.   Decided April 11, 1927

Judges Houck & Lemert, 5th Dist., and Justice, 3rd Dist., sitting.

**1185.   TRADE SECRETS—1. Upon discovery of a trade secret, by examination of the manufactured products sold or offered for sale, or in any other honest way, the discoverer has full right to use same.**

**2. So long as one keeps his secret processes from discovery, equity will enjoin any one who discovers it through fraud, from disclosing or using same.**

**First Publication of this Opinion**

HOUCK, J.

Nina E. Case brought an action against George Thomas, et al. in the Lucas Common Pleas alleging that she was the sole owner of a certain formula for the combining of chemicals for manufacture and use of a heat-

`ng pad; that she marketed same under the t.ade name of Comfort Heatpad; that defendants verbally agreed with her to assist in the manufacture of said heatpad; that plaintiff disclosed to defendants the formula, same being a trade secret; and that they are using same in distributing heat pads of their own under the trade name of the Comfort Heating Pad.

An injunction was prayed for to enjoin defendants from using said formula which is a trade secret. The case was taken up on appeal and the Court of Appeals held:

1. The burden of proof is upon plaintiff and if she has failed to sustain the facts alleged by that degree of proof required by law, then she must fail in this suit.

2. The bone of contention is whether or not the formula for the manufacture of the Comfort Heatpad is a trade secret.

3. "A trade secret is a plan or process, tool, mechanism or compound known only to its owner and those of his employees to whom it is necessary to confide it in order to apply it to the uses intended - - - - and it is distinguished from a patent in that as soon as the trade secret is discovered, - - - - in any honest way, the discoverer has the full right to use the same - - - -." Nat. Tube Co. v. East Tube Co., 13-23 Ohio Circuits (consolidated) 468.

4. The law is well settled that the owner of a trade secret is protected against invasion of his rights therein by fraud or breach of trust or contract. So long as one keeps his secret processes from discovery, equity will enjoin any one who discovers it through fraud from disclosing or using it.

5. The element of fraud does not enter into the transaction between the parties herein, and by reason thereof, no injunction will lie.

Injunction refused.

(Lemert & Justice, JJ., concur.)

Attorneys—Eldon H. Young for Case; Silas E. Hurin for Thomas; both of Toledo.